UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT S. GUSTIN,

                 Plaintiff,

      v.

JOHN E. POTTER,

                 Defendant.
_____

DECISION & ORDER

03-CV-6438L

      By order dated November 8, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 8).

      On September 5, 2003, plaintiff, Robert Gustin, filed this *pro se* action seeking relief under 42 U.S.C. § 1983.  (Docket # 1).  In his Complaint, plaintiff alleged, *inter alia*, that the defendant discriminated against him on the basis of his age and denied him a promotion in retaliation for filing a grievance.  (Docket # 1).  Currently before this Court is plaintiff's motion for the appointment of counsel.  (Docket # 20).  For the following reasons, plaintiff's motion is denied.

      It is well settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignments are clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  Before considering whether the appointment of counsel is

appropriate in a given case, the Court must first determine whether the litigant is financially eligible. *See Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) ("[I]t is clear that the statute only allows appointment where a litigant is indigent"). If the litigant is eligible, the Court may consider the following factors:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. As stated above, plaintiff alleges that the defendant violated his constitutional rights by discriminating against him on the basis of his age and denied him a promotion in retaliation for his filing of a grievance. (Docket # 1). Plaintiff requests the assignment of counsel, stating only that he is involved in an unrelated Chapter 13 bankruptcy case and that he does not consider himself capable of representing the interests of his creditors. (Docket # 20). Plaintiff has failed, however, to satisfy the initial requirement of demonstrating that he is an indigent litigant. Indeed, by Decision and Order dated September 22, 2003, the Hon. David G. Larimer, United States District Judge, denied plaintiff's motion to proceed *in forma pauperis*, finding that plaintiff's gross salary was "well beyond" the federal guidelines. (Docket # 3). Moreover, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, it does not appear that counsel will provide substantial assistance in developing plaintiff's argument at this time. The legal issues in this case do not appear to be complex, nor has plaintiff demonstrated a likelihood of success on the merits. Thus, plaintiff's motion for appointment of counsel **(Docket # 20)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.
**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
       November  1  , 2006