UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT S. GUSTIN,

                              Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                             03-CV-6438L

              v.

JOHN E. POTTER,
Postmaster General,

                              Defendant.
_____

Plaintiff, Robert S. Gustin, appearing *pro se*, commenced this action against his employer, the United States Postal Service ("USPS"), alleging that the USPS discriminated against him on account of his age by denying him a promotion, and that the USPS retaliated against him for complaining about age discrimination and harassment. The USPS has moved for summary judgment. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse

party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, defendants' notice of motion (Dkt. #22) gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. The notice of motion states, in part, that "you must respond, by affidavits or otherwise as provided in that rule, setting forth specific facts showing that there is a genuine issue of material facts for trial. Any factual assertions in defendant's affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting those assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, your Complaint may be dismissed and there will be no trial."

This Court's scheduling order (Dkt. #24), which gave plaintiff until July 24, 2006 to respond to defendant's motion, also apprised plaintiff of the necessity of responding to the motion, stating in part, that: "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits or other papers as required by Rule 56(e)." It further states: "Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents,

countering the facts asserted by the defendant and raising issues of fact for trial"; "Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendants"; and "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true.  Judgment may then be entered in defendants' favor without a trial."

Still more notice was given by this Court's "*Irby*" notice issued on July 14, 2006 (Dkt. #73).  The notice states in part that "[f]ailure to respond to a motion for summary judgment may result in the grant of judgment in favor of the party seeking summary judgment and the dismissal of all or part of the case.  ... Therefore, ... you **MUST** submit opposing papers in the form of one or more affidavits ...," as well as a "concise statement of the material facts as to which you contend there exists a genuine issue which must be tried."  The notice warned plaintiff that "all of the material facts which have been set forth in the statement served on you by the moving party ... <u>will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue regarding a trial</u>."

The mere fact that plaintiff has failed to respond to defendant's motion, however, does not mean that summary judgment should be "granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see also Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Rather, summary judgment may be granted as long as plaintiff has received notice that failure to file an opposition may result in dismissal of his case and the Court is satisfied that the undisputed facts "show that the moving party is entitled to a judgment as a matter of law."

*Champion*, 76 F.3d at 486 (quoting Fed.R.Civ.P. 56(c)). *See, e.g.*, *Strine v. Sodus Cent. School Dist.*, 403 F.Supp.2d 279, 280 (W.D.N.Y. 2005).

Here, plaintiff has been given more than adequate notice of the nature of a summary judgment motion and the consequences of his failure to respond to the motion. In spite of that, he has not responded to defendant's motion. Therefore, the Court will not simply grant defendant's motion automatically, but will accept the truth of defendant's factual allegations, and determine whether defendant is entitled to summary judgment.

**II. Defendant's Motion**

After reviewing the record, I conclude that defendant is entitled to summary judgment. First, plaintiff's discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, is subject to dismissal for failure to exhaust administrative remedies, since plaintiff failed to raise such a claim in his administrative complaint. See Dkt. #23-4 at 37-42; *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) ("Prior to bringing suit under ... the ADEA, a federal government employee must timely 'exhaust the administrative remedies at his disposal'"); *Burke v. Gutierrez*, No. 04 Civ. 7593, 2006 WL 89936, at *11 (S.D.N.Y. Jan. 12, 2006) ("[federal employee] plaintiffs are generally precluded from raising in a district court action claims not presented in the administrative complaint").[1]

---

[1] Plaintiff did allege age discrimination in two prior administrative charges, but he neither appealed from them nor filed a civil complaint based on those charges within the applicable time limits following the USPS's Notice of Final Action dismissing the charges. *See* Dkt. #23-6 at 2-3; Dkt. #23-7 at 2-4. Plaintiff has presented no reason for his failure in that regard, nor has he shown any basis for equitable tolling. *See Farrell v. Principi*, 366 F.3d 1066, 1067 (9th Cir. 2004) ("When an agency issues a notice of final action to a federal employee alleging

(continued...)

Even if plaintiff's allegations of age discrimination could be considered "reasonably related" to his administrative charge of retaliation, so as to warrant a finding that his discrimination claim has been exhausted, *see Williams v. New York City Housing Authority*, 458 F.3d 67, 71 (2d Cir. 2006), this claim would be subject to dismissal on the merits as well. The USPS has proffered legitimate, nondiscriminatory reasons for not promoting plaintiff, including the lack of an available position, as well as plaintiff's poor work attitude, contempt for management, and divisive office habits. *See* Dkt. #23-2 at 31-33. Those reasons stand unrebutted in the record. Even if the USPS was incorrect in its assessment of plaintiff's qualifications for the position he claims that he should have received, that does not give rise to a discrimination claim. *See Bunk v. General Services Admin.*, 408 F.Supp.2d 153, 159 (W.D.N.Y. 2006) ("Employers should be free to choose the person that they honestly (even if erroneously) consider the better-qualified candidate without being subjected to liability merely because the candidates are of a different age").

As for plaintiff's retaliation claims, to the extent that he claims that he was denied a promotion in retaliation for his prior discrimination complaints, the claim likewise fails because plaintiff has failed to present any evidence that defendant's stated reasons for its actions are

---

[1](...continued)
employment discrimination, the claimant may seek *de novo* review of the disposition of his administrative complaint by filing a civil action in district court within 90 days") (citing 42 U.S.C. § 2000e-16(c)); *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) ("Equitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights'") (quoting *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 985 (10th Cir. 1981)); *Jenkins v. Potter*, 271 F.Supp.2d 557, 564 (S.D.N.Y. 2003) ("Courts have only granted equitable tolling where a claimant has been diligent by filing a defective pleading, or where there has been reasonable diligence plus extraordinary circumstances") (citation and emphasis omitted).

I also note that the only Notice of Final Action that plaintiff attached to the complaint was the third, which dismissed plaintiff's administrative charge of retaliation. This suggests that plaintiff himself is proceeding here only as to that charge.

pretextual.  *See Cifra v G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001) (once employer has articulated a legitimate, non-retaliatory reason for the challenged employment decision, "the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation").

The other alleged acts of retaliation also fail to support plaintiff's claim.  To survive summary judgment on this claim, plaintiff must present evidence from which a factfinder could reasonably conclude that the USPS took some action toward him "that a reasonable employee would have found ... materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Kessler v. Westchester County Dep't of Social Services*, 461 F.3d 199, 207 (2d Cir. 2006) (quoting *Burlington Northern & Santa Fe Railway Co. v. White*, ___ U.S. ___, 126 S.Ct. 2405, 2415 (2006)).  The standard "is an objective, rather than a subjective, one, ... 'and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances.'"  *Kessler*, 461 F.3d at 209 (quoting *White*, 126 S.Ct. at 2417).  "A plaintiff cannot support such a determination unless he can show that an alleged act of retaliation is more than de minimis."  *Zelnik v. Fashion Institute of Tech.*, 464 F.3d 217, 226 (2d Cir. 2006).[2]

In the case at bar, plaintiff has alleged mostly minor actions taken by his supervisor, which he ascribes in conclusory fashion to retaliation.  Even if some of the acts that he alleges could be found to be objectively "materially adverse," however, it appears from plaintiff's deposition testimony that he believes that these acts were occasioned not by his having asserted claims of

---

[2]*Zelnik* involved a claim of retaliation under the First Amendment, but the court explained that this standard is the same as that enunciated by the Supreme Court in *White* with respect to retaliation cases arising out of federal anti-discrimination laws.  464 F.3d at 227.

discrimination, but by a personal feud between plaintiff and his supervisor stemming from plaintiff's having tried to thwart his supervisor's efforts to be appointed postmaster. *See* Dkt. #23-3 at 17, 35-37. That does not constitute "protected activity," and hence does not provide a legally sufficient basis for a claim of unlawful retaliation. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) ("'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination").

## CONCLUSION

Defendant's motion for summary judgment (Dkt. #22) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 20, 2007.